IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JEANETTE MONTGOMERY § | |
| § | |
| PLAINTIFF, § | |
| § | CIVIL ACTION NO._____ |
| § | |
| v. § | |
| § | JURY DEMANDED |
| § | |
| WAL-MART, INC., WAL-MART § | |
| STORES TEXAS, LLC, WAL-MART § | |
| REAL ESTATE BUSINESS TRUST, § | |
| AND JOHN DOE, | |
| DEFENDANT. | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC, improperly named Wal-Mart, Inc. and Wal-Mart Real Estate Business Trust ("Defendant") and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.

### INTRODUCTION

1.   Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 429th Judicial District Court, Collin County, Texas, where this matter was pending under Cause No. 429-03071-2022, in a matter styled *Jeanette Montgomery v. Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Real Estate Business Trust, and John Doe* (the "State Court Action").

### II.

### NATURE OF THE SUIT

2.   Plaintiff brings this lawsuit under theories of negligence, negligent activity, gross negligence, premises liability and *respondeat superior* based on her alleged personal injury on

Defendant's premises. *See* Plaintiff's Original Petition at ¶¶ 9-59. Plaintiff alleges that on or about March 15, 2021, a Wal-Mart employee was operating a pallet jack and struck Plaintiff causing her injuries and damages. *Id* at ¶ 13,15. Defendant timely filed its Original Answer denying Plaintiff's allegations and asserting its affirmative defenses. *See* Defendant's Original Answer.

### III.

### TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on June 20, 2022. Defendant Wal-Mart accepted service on June 11, 2022, through its agent, CT Corporation System. This removal is timely because it is filed within 30 days after Wal-Mart was served. 28 U.S.C. § 1446.[1]

### IV.

### BASIS FOR REMOVAL JURISDICTION

4. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is domiciled in the state of Texas and therefore is a citizen of Texas.

6. Plaintiff sued Defendant Wal-Mart Stores Texas, LLC, which is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a period falls on a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

7. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre, 615CV0558LEKTWD*, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

8. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

9. Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *Harvey*, 542 F.3d at 1079. WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner. The citizenship of these LLCs is determined by the citizenship of each of its members. *See id.* at 1080. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

10. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.). Wal-Mart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Wal-Mart Inc. is a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

11. Although Plaintiff asserts, without providing facts, in the Petition that John Doe is a resident of Texas, such an assertion is moot as the citizenship of defendants sued under fictitious names is to be disregarded. 28.U.S.C. § 1441(b)(1).

12. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

13. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

14. Plaintiff seeks damages against Defendant for Plaintiff's pre-judgment interests and post-judgment interest, care costs and expenses, and all other relief, in law and in equity, to which Plaintiff may be entitled, as set forth in Plaintiff's Original Petition. *See* Plaintiff's Original Petition at ¶4-5.

15. Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees. *Id.* at ¶ 10. Thus, the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

V.

## **THIS NOTICE IS PROCEDURALLY CORRECT**

16. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) to Defendant's knowledge and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) as follows:

> A. Docket Sheet in the State Court Action;
> B. Index of all documents filed in the State Court Action; and
> C. Copies of all process, pleadings and orders filed in State Court.

18. Defendant also is filing with the Notice of Removal a completed Civil Cover Sheet, List of Parties and Counsel and State Court Information Sheet.

19. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenges the allegations in a motion to remand or other filing.

20. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 429th Judicial District Court, Collin County, Texas, where this matter was pending under Cause No. 429-03071-2022 *Jeanette Montgomery v. Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Real Estate Business Trust, and John Doe* (the "State Court Action").

21. A jury trial has been demanded in the State Court Action by Defendant.

22. Trial has not commenced in the 429th Judicial District Court, Collin County, Texas.

## VI.

## CONCLUSION

23. Because diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 429th Judicial District Court, Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the 429th Judicial District Court, Collin County, Texas.

**FURTHER**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
   **DEREK S. DAVIS**
   Texas Bar No. 00793591
   Email:  Derek.Davis@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of August, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Matthew S. Scutt**
State Bar No. 24081142
SCUTT LAW, PLLC
1150 N. Loop 1604 W. Suite 108-285
San Antonio, TX 78248
(210) 460-0424
(214) 241-4614 (FAX)
Matthew-svc@scuttlaw.com
**ATTORNEYS FOR PLAINTIFF**

                              */s/ Derek S. Davis*
                              **DEREK S. DAVIS**