**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEANETTE MONTGOMERY** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CIVIL ACTION NO._____** |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **WAL-MART, INC., WAL-MART** | § | |
| **STORES TEXAS, LLC, WAL-MART** | § | |
| **REAL ESTATE BUSINESS TRUST,** | § | |
| **AND JOHN DOE,** | | |
| **DEFENDANT.** | | |

---

### INDEX OF STATE COURT PLEADINGS AND FILING DATES

---

| TAB NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 429th Judicial District Court, Collin County, Texas, Cause No. 429-03071-2022 | 08/09/2022 |
| 2. | Plaintiff's Original Petition | 06/20/2022 |
| 3. | Citation Issued to Defendant Wal-Mart Real Estate Business Trust | 06/21/2022 |
| 4. | Citation Issued to Defendant Wal-Mart, Inc. | 06/21/2022 |
| 5. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC | 06/21/2022 |
| 6. | Return of Service of Defendant Wal-Mart Real Estate Business Trust | 07/12/2022 |
| 7. | Return of Service of Defendant Wal-Mart, Inc. | 07/12/2022 |
| 8. | Return of Service of Defendant Wal-Mart Stores Texas, LLC | 07/12/2022 |
| 9. | Defendant Wal-Mart Stores Texas, LLC's Original | 07/18/2022 |

# TAB NO. 1

# REGISTER OF ACTIONS
## CASE NO. 429-03071-2022

| | |
|---|---|
| Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Real Estate Business Trust, And John Doe | Case Type: **Other Injury or Damage** |
| §<br>§<br>§<br>§<br>§ | Date Filed: **06/20/2022**<br>Location: **429th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | **Doe, John** | **Pro Se** |
| Defendant | **Wal-Mart Real Estate Business Trust**<br>Registered Agent, CT Corporation System<br>1999 Bryan St., Ste. 900<br>Dallas, TX 75201 | **Pro Se** |
| Defendant | **Wal-Mart Stores Texas, LLC**<br>Registered Agent, CT Corporation System<br>1999 Bryan St., Ste. 900<br>Dallas, TX 75201 | **Derek S. Davis**<br>*Retained*<br>214-712-9500(W) |
| Defendant | **Wal-Mart, Inc.**<br>Registered Agent, CT Corporation System<br>1999 Bryan St., Ste. 900<br>Dallas, TX 75201 | **Pro Se** |
| Plaintiff | **Montgomery, Jeanette** | **Matthew S Scutt**<br>*Retained*<br>210-460-0424(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 06/20/2022 | **Plaintiff's Original Petition (OCA) $371.00** | | |
| 06/21/2022 | **Request for Citation $8.00** | | |
| 06/21/2022 | **Citation** | | |
| | Wal-Mart, Inc. | Served<br>Returned | 07/11/2022<br>07/12/2022 |
| | Wal-Mart Stores Texas, LLC | Served<br>Returned | 07/11/2022<br>07/12/2022 |
| | Wal-Mart Real Estate Business Trust | Served<br>Returned | 07/11/2022<br>07/12/2022 |
| 07/12/2022 | **Service Return**<br>*Affidavit of Service - Citation - Wal-Mart Real Estate Business Trust* | | |
| 07/12/2022 | **Service Return**<br>*Return of Service - Wal-Mart Stores Texas, LLC* | | |
| 07/12/2022 | **Service Return**<br>*Affidavit of Service - Wal-Mart, Inc.* | | |
| 07/18/2022 | **Original Answer**<br>*Defendant Wal-Mart Stores Texas, LLC's Original Answer and Special Exception to Plaintiff's Original Petition* | | |
| 07/18/2022 | **Jury Trial Requested $10.00** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Wal-Mart Stores Texas, LLC | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 08/09/2022** | | | **0.00** |
| 07/18/2022 | Transaction Assessment | | | 10.00 |
| 07/18/2022 | Payment | Receipt # DC-16461-2022 | Wal-Mart Stores Texas, LLC | (10.00) |
| | **Plaintiff** Montgomery, Jeanette | | | |
| | Total Financial Assessment | | | 395.00 |
| | Total Payments and Credits | | | 395.00 |
| | **Balance Due as of 08/09/2022** | | | **0.00** |

Case 4:22-cv-00691-ALM   Document 1-3   Filed 08/10/22   Page 4 of 50   PageID #:  15

| 06/21/2022 | Transaction Assessment |                          |                      | 395.00   |
| 06/21/2022 | Payment                | Receipt # DC-14167-2022  | Montgomery, Jeanette | (258.00) |
| 06/21/2022 | State Credit           |                          |                      | (137.00) |

# TAB NO. 2

Filed: 6/20/2022 2:44 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rebekah Griffin Deputy
Envelope ID: 65594903

CAUSE NO. __429-03071-2022__

| | | |
|---|---|---|
| **JEANETTE MONTGOMERY,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART, INC., WAL-MART STORES** | § | |
| **TEXAS, LLC,  WAL-MART REAL** | § | |
| **ESTATE BUSINESS TRUST, AND JOHN** | § | |
| **DOE,** | § | |
| *Defendants* | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **NOW COMES JEANETTE MONTGOMERY**, hereinafter referred to individually by name, or Plaintiff, and complains of **WAL-MART, INC., WAL-MART STORES TEXAS, WAL-MART REAL ESTATE BUSINESS TRUST, AND JOHN DOE,** hereinafter referred to individually by name, or together as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.** Plaintiff intend that discovery be conducted under LEVEL 3 of RULE 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.** Plaintiff, **JEANETTE MONTGOMERY**, is an individual residing in Carrollton, Denton County, Texas.

**3.** Defendant, **WAL-MART, INC.** is incorporated under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and doing business in the State of

Texas. Defendant, **WAL-MART, INC.,** is an international retail, club, and grocery store chain with over 4,500 stores and clubs in the United States, including approximately 408 stores in Texas. Defendant **WAL-MART, INC.** currently employs more than 120,000 people in Texas. Defendant **WAL-MART, INC.** can be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. *Service is hereby requested at this time. Service will be executed by private process server.*

4.      Defendant, **WAL-MART STORES TEXAS, LLC** is a single member limited liability company that is organized and existing under the laws of the State of Delaware, with its principal place of business located in Bentonville, Arkansas, and doing business in the state of Texas. Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** is the sole member of Defendant **WAL-MART STORES TEXAS, LLC.** Upon information and belief, Defendant **WAL-MART STORES TEXAS, LLC** possesses lease rights to much of **WAL-MART'S** private property in Texas as a result of lease agreements executed between it and an affiliate entity – Defendant **WAL-MART REAL ESTATE BUSINESS TRUST**, among others. Upon information and belief, Defendant **WAL-MART, INC.** indirectly owns Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** through its subsidiary structure. Defendant **WAL-MART STORES TEXAS, LLC** can be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. *Service is hereby requested at this time. Service will be executed by private process server.*

5.      Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** is a Delaware business trust with its principal place of business located in Bentonville, Arkansas, and doing business in Texas. Upon information and belief, Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** possesses fee simple interest rights to some private property on which Wal-Mart stores and other facilities are located in Texas. Upon information and belief, Defendant **WAL-MART,**

**INC.,** indirectly owns Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** through its subsidiary structure. Defendant **WAL-MART REAL ESTATE BUSINESS TRUST** can be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. *Service is hereby requested at this time. Service will be executed by private process server.*

6.      Unless specifically stated otherwise, Defendants **WAL-MART, INC., WAL-MART STORES TEXAS, LLC** and **WAL-MART REAL ESTATE BUSINESS TRUST** will be collectively referred to as **"Wal-Mart Defendants."**

7.      Upon information and belief, Defendant John Doe is and was, at the time of the incident made the basis of this lawsuit, a resident of Collin County, Texas and an employee of Wal-Mart Defendants. Further discovery is needed in order to ascertain the exact identity of Defendant John Doe and the location where they may be served with process. Defendant John Doe was the Wal-Mart Defendants' employee who was operating the Pallet jack or other instrumentality that crashed into the Plaintiff's person, forming the basis of this lawsuit. Texas courts have recognized that an unidentified defendant may be sued as a "John Doe" or "Jane Doe." *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 925 (Tex. 1999) (per curiam) (recognizing unidentified defendant sued as "John Doe No. 1"); *Retzlaff v. GoAmerica Comms. Corp.*, 356 S.W.3d 689, 701–02 (Tex. App.—El Paso 2011, no pet.) (concluding that "John and/or Jane Doe" defendants were not entitled to dismissal from lawsuit under vexatious litigant statute requiring trial court to dismiss litigation "as to a moving defendant" where unidentified defendants did not move for dismissal); *Operation Rescue- Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 937 S.W.2d 60, 87–88 (Tex. App.—Houston [14th Dist.] 1996) (affirming trial court's assessment of costs incurred to serve John and Jane Doe defendants by publication), *aff'd as modified*, 975 S.W.2d 546, 547 (Tex. 1998).

### III.
### JURISDICTION & VENUE

**8.**     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because This Court has jurisdiction over Defendants because Defendants are residents of the State of Texas and/or do business in the State of Texas.

**9.**     Venue is proper in **COLLIN** County pursuant to §15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions in question occurred in **COLLIN** County, Texas.

**10.**    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change for the negligent and grossly negligent conduct of the Defendants.

**11.**    Plaintiff states that she completely and fully relies on the discretion of a jury to determine the amount to be awarded in this case. Plaintiff relies on the jury to award whatever amount is reasonable and necessary, including an amount that may be less than, equal to, or more than the amount included herein by Plaintiff. Plaintiff believes the amount of damages are within the discretion of the jury and at this time does not believe that a jury should find any amount more than **$25,000,000.00 (TWENTY FIVE MILLION AND 00/100 DOLLARS)** in actual damages and exemplary damages.

## IV.
## MISNOMER/ALTER EGO

**12.**     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veil(s)" should be pierced to hold such parties properly included in the interest of justice.

## V.
## FACTS

**13.**     On or about March 15, 2021, Plaintiff **JEANETTE MONTGOMERY** was an invitee at the Wal-Mart Supercenter #2086—the premises were owned, operated, managed, and otherwise under the control of the Wal-Mart Defendants. Plaintiff was a customer and was there shopping for groceries.

**14.**     Wal-Mart Supercenter #2086 is located at 1700 Dallas Parkway, Plano, Texas 75093.

**15.**     While Plaintiff was shopping for groceries inside the store, a male Wal-Mart employee, John Doe was operating a pallet jack in a reckless manner, failing to keep a proper lookout and traveling too quickly, striking Plaintiff. Plaintiff suffered severe and lifelong injuries as a result of the incident.

**16.**     At the time of the incident, Plaintiff was a customer at Wal-Mart. Wal-Mart Defendants, through their employee John Doe, were responsible for the safe operation of equipment, and the actions of its employee while operating said equipment at the subject premises. Wal-Mart Defendants failed to instruct, train and/or direct John Doe to operate the vehicle/equipment in a safe manner, and or ensure the vehicle/equipment was suitable for such operations. Wal-Mart Defendants further failed to ensure that John Doe had all equipment necessary for the safe operation of the subject vehicle/equipment involved in the incident.

17.     The Wal-Mart Defendants' negligence was the direct and proximate cause of Plaintiff **JEANETTE MONTGOMERY'S** severe and lifelong injuries. Nothing Plaintiff did or failed to do contributed to her injuries.

18.     Defendants', notwithstanding that there are safer times in the day to perform these operations, and having previously undertaken these operations at times more conducive to avoid serious injuries to customers, had actual subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated in failing to avoid, warn or make safe the activity and/or the subject area made the basis of this suit. Accordingly, Wal-Mart Defendants should be liable for gross negligence.

## VI.
## CAUSES OF ACTION AGAINST
## DEFENDANT JOHN DOE

### A.     *NEGLIGENCE*

19.     Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

20.     Defendant John Doe was negligent. Defendant John Doe owed a duty to Plaintiff to use reasonable care while operating a vehicle/machine under his direct control.

21.     Defendant John Doe had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's damages were proximately caused by the Defendant John Doe's negligence, carelessness, and reckless disregard of said duty.

22.     Defendant John Doe's negligence, carelessness, and reckless disregard of his duties consisted of the following acts and omissions, based on the information currently available to the in, among others:

      a.     Failing to follow applicable industry standards;

      b.     Failing to keep a proper lookout;

      c.     Failing to maintain an appropriate speed;

      d.     Failing to properly operate the subject equipment;

      e.     Failing to timely physically slow or apply the brakes to avoid the collision;

      f.     Failing to turn the equipment to avoid the collision;

      g.     Failing to exercise reasonable judgment as an operator of said equipment; and

      h.     Other negligent acts.

23.     Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrences that made the basis of this action, including the injuries suffered by Plaintiff as specifically set forth herein without any act or omission of the Plaintiff contributing thereto.

## B.   NEGLIGENT ACTIVITY

24.     Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

25.     Defendant John Doe had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's damages were proximately caused by the Defendant John Doe's negligence, and as a contemporaneous result of an ongoing activity by the Defendant.

26.     As a result of the unlawful acts or omissions of the Defendant, Plaintiff suffered severe and lifelong personal injuries and other harms. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence that proximately caused the incident and severe and lifelong personal injuries to Plaintiff and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

## C.   GROSS NEGLIGENCE

**27.**    Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

**28.**    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendants outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11)(A)-(B) of the CIVIL PRACTICE & REMEDIES CODE.

**29.**    Defendant's conduct, which when viewed from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated. Accordingly, Defendant should be liable in exemplary damages.

**30.**    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes gross negligence that proximately caused the incident and injuries and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

**31.**    Defendant's grossly negligent conduct proximately caused Plaintiff's injuries. As a result of such gross negligence of Defendant John Doe, Plaintiff is entitled to exemplary damages.

**VII.**
**CAUSES OF ACTION AGAINST**
**WAL-MART DEFENDANTS**

## A.   NEGLIGENCE

**32.**    At all times material hereto, Wal-Mart Defendants owned, maintained and/or operated the property where Plaintiff was injured.

33.     Wal-Mart Defendants were negligent. Wal-Mart Defendants had a duty to exercise the degree of care a reasonably prudent company would use to avoid harm to others under the circumstances similar to those described herein. Plaintiff's damages were proximately caused by Wal-Mart Defendants' negligence, carelessness, and reckless disregard of said duty.

34.     Wal-Mart Defendants' negligence, carelessness, and reckless disregard of their duty consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

a. Failing to provide adequate safety policies and procedures;
b. Failing to maintain a safe work area and/or provide a safe work environment and/or prevent an unsafe work environment;
c. Failing to provide necessary and proper procedures and/or to train its employees to identify unreasonably dangerous conditions on the subject premises;
d. Failing to provide necessary and proper procedures and/or to train its employees to prevent injuries caused by unreasonably dangerous conditions on the subject premises;
e. Failing to install, maintain, and use safety processes, devices and safeguards to make the subject premises and conditions safe for Plaintiff;
f. Failing to provide, follow and enforce safety rules and regulations for the safety of the contractors working on the subject premises;
g. Failure to perceive unreasonably dangerous conditions that existed on the subject premises;
h. Failing to perceive unreasonably dangerous conditions that Wal-Mart Defendants should have known existed on the subject premises;
i. Failing to warn of existing dangerous conditions of which Wal-Mart Defendants knew or should have known;
j. Failing to correct the unreasonably dangerous conditions that existed on the subject premises;
k. Failing to assure that the subject premises was in a safe condition for the work being performed at the time of the incident;
l. Failing to properly supervise the work being performed at the time of the incident;
m. Allowing hazardous conditions to exist on the subject premises at the time of the incident;
n. Failing to warn of the hazardous conditions that existed on the subject premises at the time of the incident;
o. Directing, controlling and supervising the work being performed by the contractors and personnel on site at the subject premises, in a negligent manner;
p. Directing employees, agents, contractors, and others to perform the work in an inherently unsafe manner;
q. Failing to inspect the subject premises and equipment to ensure safety standards were met;

r. Failing to ensure pre-job precautions were taken and/or failure to provide sufficient pre-job safety meetings;

s. Engaging in and/or retaining a contractor to perform activities that had a peculiar risk of harm;

t. Failing to comply with and/or ensure compliance with state obligations and/or franchise agreements and/or regulations and/or related obligations that imposed a duty to provide for the safety of others;

u. Failing to comply with state laws and/or obligations and/or duties voluntarily assumed;

v. Failing to report and properly address or mitigate dangers and hazards;

w. Failing to perform a hazard or safety analysis of the work to be performed at the subject premises;

x. Failing to have written guidelines regarding the sequence of the work to be performed;

y. Creating and allowing a dangerous condition to exist on the subject premises; and despite having knowledge of the dangerous condition, failing to remedy the condition to make the subject premises reasonably safe and/or to adequately warn Plaintiff Maria and others similarly situated, regarding the dangerous condition;

z. Failing to properly communicate safety measures and safety procedures to its contractors performing work on the subject premises;

aa. Failing to ensure the work was performed in compliance with industry custom and practice and applicable standards;

bb. Failing to ensure company standards and safety programs were appropriate and adequate, and/or to ensure standards and requirements that were imposed were followed;

cc. Making improper recommendation(s) of how to do work and work requirements;

dd. Failing to ensure that all workers were properly trained; and

ee. Other negligent acts.

35.     Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the damages to Plaintiff.

36.     At all material times, Wal-Mart Defendants knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous condition on its premises and/or the condition had existed for a sufficient length of time so that Wal-Mart Defendants knew or should have known of the condition and could have easily remedied the condition.

37.     Pleading further and in the alternative, Wal-Mart Defendants and any other appropriate parties are jointly liable for Plaintiff's harm under the theories of joint and several liability; acting in concert; respondeat superior; agency; non-delegable duty; alter ego; actual and apparent authority; participatory liability; aiding and abetting; joint enterprise; and/or ratification.

## B.   NEGLIGENT UNDERTAKING

**38.**    Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

**39.**    Wal-Mart Defendants' undertook, gratuitously or for consideration, to render services associated with providing a safe convenience store on the premises. Wal-Mart Defendants recognized or should have realized that such services are necessary to protect others, such as the Plaintiff.

**40.**    The aforesaid incident occurred as a result of and was proximately caused by the negligence and/or grossly negligent conduct of the Wal-Mart Defendants; which consisted inter alia of the following particulars:

    a.    The Defendant undertook to perform services that it knew or should have known were necessary for the Plaintiff's protection;

    b.    The Defendant failed to exercise reasonable care in performing those services; and either:

        (i)    The Plaintiff relied upon the Defendant's performance, or;

        (ii)    The Defendant's performance increased the Plaintiff's risk of harm.

**41.**    As a result of the unlawful acts or omissions of the Wal-Mart Defendants, Plaintiff suffered severe and lifelong personal injuries and other harms. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence that proximately caused the incident and severe and lifelong personal injuries to Plaintiff and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

## C.   NEGLIGENT HIRING, TRAINING, AND SUPERVISION

**39.**    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

40.     Wal-Mart Defendants owed a duty to all workers at the job site to hire, supervise and train, competent employees, including but not limited to John Doe.

41.     Wal-Mart Defendants breached that duty in one or more of the following aspects:

a. Failing to ensure that the representative on the premises had the requisite knowledge, training and skill to adequately supervise the work being performed on the subject premises;
b. Failing to ensure that the representative had the requisite knowledge, training and skill to properly instruct workers on the premises; Failing to ensure that the representative had the requisite knowledge, training and skill to recognize unsafe operations and/or cease operations due to safety concerns;
c. Failing to properly supervise operations; and
d. Other negligent acts.

43.      As a direct and proximate result of Wal-Mart Defendants' various failures, actions, and omissions, the Plaintiff has suffered irreparable harm making the basis of this suit.

## D.     NEGLIGENT ACTIVITY

44.     Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

45.     Plaintiff was injured as a contemporaneous result of an ongoing activity by the Wal-Mart Defendants, and/or that of its employees, agents, and/or contractors, acting within the scope of their engagement or employment and/or under the supervision or control of the Defendant.

45.     The Wal-Mart Defendants failed to exercise ordinary care to reduce or eliminate this risk.

46.     As a result of the unlawful acts or omissions of the Wal-Mart Defendants, Plaintiff suffered severe and lifelong personal injuries and other harms. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence that proximately caused the incident and severe and lifelong personal injuries to Plaintiff and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

## E.   PREMISES LIABILITY

**47.**    Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

**48.**    Wal-Mart Defendants were in control of the premises on which Plaintiff's injuries occurred because they were the owners, operators, and property managers, and exercised control over the entire premises.

**49.**    At the time of the incident, the Plaintiff held the status as an invitee and the Wal-Mart Defendants owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning of any dangers.

**50.**    The Wal-Mart Defendants' conduct, and that of its contractors, agents, servants, and employees, acting within the scope of their engagement or employment, constituted a breach of the duty of ordinary care owed by the Wal-Mart Defendants to the Plaintiff.

**51.**    The Wal-Mart Defendants knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees, such as the Plaintiff. Further, Defendant had a duty to comply with Federal, State, and local accessibility and building codes. Any latent defects should have been made safe.

**52.**    The Wal-Mart Defendants failed to exercise ordinary care to reduce or eliminate this risk or warn invitees like the Plaintiff regarding it because Defendant did not warn of the dangerous conditions. Nor did the Wal-Mart Defendants make any efforts to make the perilous conditions safe.

**53.**    As a result of the unlawful acts or omissions of the Wal-Mart Defendants, Plaintiff suffered severe and lifelong personal injuries and other harms. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per

se, and gross negligence which proximately caused the incident and severe and lifelong personal injuries to Plaintiff and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

## F.    GROSS NEGLIGENCE

54.    Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

55.    The Wal-Mart Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendants outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11)(A)-(B) of the CIVIL PRACTICE & REMEDIES CODE.

56.    The Wal-Mart Defendants' conduct, which when viewed from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. The Wal-Mart Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated. Accordingly, the Wal-Mart Defendants should be liable in exemplary damages.

57.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the incident and injuries and other losses as specifically set forth herein without any negligence of the Plaintiff contributing thereto.

## VIII.
## RESPONDEAT SUPERIOR

58.    Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein

59.     Plaintiff invokes the doctrine of *Respondeat Superior* against Wal-Mart Defendants, and as such, Wal-Mart Defendants, by and through its agents, servants, and/or employees, are liable to Plaintiff for her harms and losses.

## XIV.
## ALTERNATIVE CLAIMS FOR RELIEF

60.     Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

61.     Pursuant to RULE 48 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff may set forth two or more statements of a claim either in one count or in separate counts and may also state as many separate claims regardless of consistency and whether based upon legal or equitable grounds or both.

## X.
## DAMAGES JEANETTE MONTGOMERY

62.     Plaintiff incorporates by reference all other paragraphs of this petition as fully set forth herein.

62.     As a direct and proximate result of the incident and the negligent conduct of the Defendants, Plaintiff **JEANETTE MONTGOMERY** suffered severe and lifelong bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries are permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and will continue to suffer into the future, physical pain and mental anguish.

63.     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and will incur medical expenses in the future to treat her injuries.

64.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

65.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff **JEANETTE MONTGOMERY** seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

66.     Plaintiff states that she completely and fully relies on the discretion of a jury to determine the amount to be awarded in this case. Plaintiff relies on the jury to award whatever amount is reasonable and necessary, including an amount that may be less than, equal to, or more than the amount included herein by Plaintiff. Plaintiff believes the amount of damages are within the discretion of the jury and at this time does not believe that a jury should find any amount more than **$25,000,000.00 (TWENTY FIVE MILLION AND 00/100 DOLLARS)** in actual damages and exemplary damages.

## XI.
## EXEMPLARY DAMAGES

67.     Further, Defendants' conduct constitutes the type of conduct for which exemplary damages may be awarded because Defendants' conduct was grossly negligent. As a result, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

68.     Defendants' acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of which the Defendants' had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or

welfare of others. Plaintiff, therefore, sues for exemplary damages, pursuant to §41.003 of the Texas CIVIL PRACTICE & REMEDIES CODE in the amount determined by the trier of fact.

## XII.
## INTEREST

69.     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## XIII.
## DEMAND FOR JURY TRIAL

70.     Plaintiff **JEANETTE MONTGOMERY** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XIV.
## NOTICE OF SELF-AUTHENTICATION

71.     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XV.
## TRCP 194.2 NOTICE OF INITIAL DISCLOSURES

72.     Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, the Defendant is required to disclose, within 30 (thirty days) after the filing of the answer or general appearance, the information and material described in each section of Rule 194.2.

## XVI.
## SPOLIATION INSTRUCTION AND NOTICE TO PRESERVE EVIDENCE

73.     Plaintiff hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to: incident reports, contracts, emails, business errand documents, memoranda, correspondence, financial records, repair receipts,

inspections, diagrams, maps, photographs, videotapes, audiotapes, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, logbooks, and claims information. Failure to maintain such items shall constitute "spoliation" of relevant evidence.

## XVII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

**74.**     The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: matthew-svc@scuttlaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XVIII.
## PRAYER

**75.**     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss or earnings;
12. Loss of future wage earning capacity;
13. Pre-judgment interest;
14. Post-judgment interest; and
15. Exemplary damages.

RESPECTFULLY SUBMITTED,

**SCUTT LAW, PLLC:**
**1150 N. LOOP 1604 W. SUITE 108-285**
**SAN ANTONIO, TEXAS 78248**
**P: (210) 460-0424;**
**F: (214) 241-4614**

BY: _____
MATTHEW S. SCUTT
STATE BAR NO. 24081142
*Email: matthew-svc@scuttlaw.com*
ATTORNEY FOR PLAINTIFF
*Service by email to this address only

# TAB NO. 3

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart                    In the 429th District Court
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe

                                                                    Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Wal-Mart Real Estate Business Trust
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite 108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.


Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

                                        ATTEST: Lynne Finley, District Clerk
                                                Collin County, Texas
                                               Collin County Courthouse
                                                 2100 Bloomdale Road
                                                 McKinney, Texas 75071
                                        972-548-4320, Metro 972-424-1460 ext. 4320


                                        By: _____, Deputy
                                              Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

# TAB NO. 4

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart                    In the 429th District Court
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe
                                                                   Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Wal-Mart, Inc.
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite 108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.


Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

# TAB NO. 5

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart                    In the 429th District Court
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe

                                                                   Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Wal-Mart Stores Texas, LLC
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite 108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.


Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

                                                          ATTEST: Lynne Finley, District Clerk
                                                                  Collin County, Texas
                                                                  Collin County Courthouse
                                                                  2100 Bloomdale Road
                                                                  McKinney, Texas 75071
                                                          972-548-4320, Metro 972-424-1460 ext. 4320


                                                          By: _____, Deputy
                                                               Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

# TAB NO. 6

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Filed: 7/12/2022 9:38 AM
Lynne Finley
District Clerk
Collin County, Texas
By Dixie Harden Deputy
Envelope ID: 66221045

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file
a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition
to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.
These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out
more at TexasLawHelp.org."

TO:  Wal-Mart Real Estate Business Trust
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before
ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before
the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite
108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-
03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any
questions you have should be directed to an attorney.**

## CAUSE NO. 429-03071-2022

| | | |
|---|---|---|
| JEANETTE MONTGOMERY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| WAL-MART, INC., WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART REAL ESTATE BUSINESS TRUST, AND JOHN DOE, | | |
| Defendant. | § | IN THE 429TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jul 11, 2022, 11:15 am**,

### CITATION , PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3123** within the county of **DALLAS** at **12:12 PM** on **Mon, Jul 11 2022**, by delivering a true copy to the within named

**WAL-MART REAL ESTATE BUSINESS TRUST, BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM** accepted by Intake Specialist: Kirk Atkins

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
**Certification Expiration: 8/31/2022**

**BEFORE ME,** a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON __7/11/22__

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

Notary Public, State of Texas

# TAB NO. 7

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Filed: 7/12/2022 9:57 AM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia S Martinez Deputy
Envelope ID: 66222323

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Wal-Mart, Inc.
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite 108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

## CAUSE NO. 429-03071-2022

| | | |
|---|---|---|
| JEANETTE MONTGOMERY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| WAL-MART, INC., WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART REAL ESTATE BUSINESS TRUST, AND JOHN DOE, | | |
| Defendant. | § | IN THE 429TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jul 11, 2022, 11:15 am,**

### CITATION , PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3123** within the county of **DALLAS** at **12:12 PM** on **Mon, Jul 11 2022,** by delivering a true copy to the within named

### WAL-MART, INC., BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM
accepted by Intake Specialist: Kirk Atkins

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2022

**BEFORE ME,** a Notary Public, on this day personally appeared **Mauricio Segovia,** known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 7/11/28

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

Notary Public, State of Texas

# TAB NO. 8

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-03071-2022

Filed: 7/12/2022 9:47 AM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia S Martinez Deputy
Envelope ID: 66221656

Jeanette Montgomery vs. Wal-Mart, Inc., Wal-Mart            In the 429th District Court
Stores Texas, LLC, Wal-Mart Real Estate Business Trust,
And John Doe

Of Collin County, Texas

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Wal-Mart Stores Texas, LLC
by and through its registered agent CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, TX  75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Matthew S Scutt,  Scutt Law PLLC  1150 N Loop 1604 W Suite 108-285  San Antonio TX 78248 (Attorney for Plaintiff or Plaintiffs), on  June 20, 2022, in this case, numbered 429-03071-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of June, 2022.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

## CAUSE NO. 429-03071-2022

| | | |
|---|---|---|
| JEANETTE MONTGOMERY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| WAL-MART, INC., WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART REAL ESTATE BUSINESS TRUST, AND JOHN DOE, | | |
| Defendant. | § | IN THE 429TH JUDICIAL DISTRICT COURT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jul 11, 2022, 11:15 am**,

#### CITATION , PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3123** within the county of **DALLAS** at **12:12 PM** on **Mon, Jul 11 2022**, by delivering a true copy to the within named

#### WAL-MART STORES TEXAS, LLC, BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM
#### accepted by Intake Specialist: Kirk Atkins

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2022

BEFORE ME, a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ___7/11/22___

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

Notary Public, State of Texas

# TAB NO. 9

Filed: 7/18/2022 10:01 AM
Lynne Finley
District Clerk
Collin County, Texas
By Dixie Harden Deputy
Envelope ID: 66398170

## CAUSE NO. 429-03071-2022

| | | |
|---|---|---|
| JEANETTE MONTGOMERY | § | IN THE DISTRICT COURT |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| WAL-MART, INC., WAL-MART | § | 429th JUDICIAL DISTRICT |
| STORES TEXAS, LLC, WAL-MART | § | |
| REAL ESTATE BUSINESS TRUST, | § | |
| AND JOHN DOE, | § | |
|     DEFENDANTS. | § | |
| | § | COLLIN COUNTY, TEXAS |

---

### DEFENDANT WAL-MART STORES TEXAS, LLC'S ORIGINAL ANSWER AND SPECIAL EXCEPTION TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, WAL-MART STORES TEXAS, LLC (incorrectly named Wal-Mart, INC. and Wal-Mart Real Estate Business Trust.) ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

## I.
## GENERAL DENIAL

    1.    Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

---

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.  *Id*.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal or state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate

reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or

alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that it may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

## IV.
## DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

## V.
## SPECIAL EXCEPTION

19.     Plaintiff's Petition incorporates a gross negligence claim against Defendant. Defendant now specially excepts to Plaintiff's Petition on the grounds that Plaintiff has failed to sufficiently plead her causes of action against Defendant entitling her to relief with respect to the gross negligence claim.

### A.  Pleading Standard

20.     Texas follows a fair-notice pleading standard, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant at trial.  *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000).  A pleading's purpose is to give notice of a party's claims and the relief sought so that the adverse party may properly prepare its defense.  *See Roark v. Allen,* 633 S.W.2d 804, 810 (Tex. 1982); *Tennell v. Esteve Cotton Co.,* 546 S.W.2d 346, 356 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.).

21.     A special exception is appropriate if "the pleadings are not clear or sufficiently specific or fail to plead a cause of action."  *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).  The court may order parties to re-plead in order to make their pleadings substantially conform to the Rules.  *See* TEX. R. CIV. P. 68.  In some instances, a pleading is defective because it does not contain enough information.  *See, e.g., Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.–Corpus Christi 2002, pet. denied).  For example, if a plaintiff fails

to plead all of the elements of its cause of action, the defendant may file a special exception to require the plaintiff to plead more specifically.  *See* TEX. R. CIV. P. 91; *Mowbray*, 76 S.W.3d at 677.  Pleadings can also be defective if they are vague, indefinite, or uncertain.  *Caldwell v. River Oaks Tr. Co.,* 01-94-00273-CV, 1996 WL 227520, at *24 (Tex. App.—Houston [1st Dist.] May 2, 1996, writ denied).

22.   Moreover, where, as here, a purported cause of action is not permitted by law, a defendant may file special exceptions and a motion to dismiss.  *Duddlesten v. Highland Ins.*, 110 S.W.3d 85, 96-97 (Tex. App.–Houston [1st Dist.] 2003, pet. denied); *see Trevino v. Ortega*, 969 S.W.2d 950, 951 (Tex. 1998); *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).  A plaintiff's failure to plead a viable cause of action is an incurable defect; thus the Court can dismiss the defective cause of action.  *See Mowbray v. Avery*, 76 S.W.3d 663, 667 (Tex. App.– Corpus Christi 2002, pet. denied).

**B.  Plaintiff's gross negligence claim is not adequately pled.**

23.   Defendant further specially excepts and objects to paragraphs 54 through 57 of Plaintiff's Petition for the reason that they are general, vague, and fail to specify the allegedly grossly negligent acts that Walmart and/or its employees committed.  *See Sonnichsen*, 221 S.W.3d at 635 (Tex. 2007) ("The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action.").

24.   Without more specificity, Defendant cannot reasonably ascertain the nature of the claim from this pleading, cannot determine what testimony may be relevant, and cannot reasonably prepare a defense.  *See Roark*, 633 S.W.2d at 810.  Accordingly, Defendant requests that this Court sustain this special exception, order Plaintiff to re-plead its gross negligence claim

against Defendant with specificity within 10 days of the Court's order, and, if Plaintiff fails to comply, strike the relevant allegations from Plaintiff's live pleading and dismiss the gross negligence claim against it with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that, upon final hearing, its special exceptions be sustained. Defendant further prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*_____
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **JAMES KURITZKES**
        Texas Bar No. 24120956
        Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of July, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Matthew S. Scutt**
State Bar No. 24081142
SCUTT LAW, PLLC
1150 N. Loop 1604 W. Suite 108-285
San Antonio, TX 78248
(210) 460-0424
(214) 241-4614 (FAX)
Matthew-svc@scuttlaw.com

**ATTORNEYS FOR PLAINTIFF**


*/s/ Derek S. Davis*
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66398170
Status as of 7/18/2022 10:05 AM CST
Associated Case Party: Jeanette Montgomery

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew Scutt | 24081142 | matthew-svc@scuttlaw.com | 7/18/2022 10:01:02 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66398170
Status as of 7/18/2022 10:05 AM CST

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 7/18/2022 10:01:02 AM | SENT |
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 7/18/2022 10:01:02 AM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 7/18/2022 10:01:02 AM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 7/18/2022 10:01:02 AM | SENT |